UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE NO.:

JOHN MEGGS,

  Plaintiff,
v.

SCHREIVOGEL INVESTMENTS LLC and
EL TAPATIO ALAMEDA, INC. D/B/A EL
TAPATIO MEXICAN RESTAURANT,

  Defendants.
_____/

## COMPLAINT

Plaintiff, JOHN MEGGS, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues SCHREIVOGEL INVESTMENTS LLC and EL TAPATIO ALAMEDA, INC. D/B/A EL TAPATIO MEXICAN RESTAURANT (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12131, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 C.F.R. Part 35, incorporating by reference the remedies, procedures and rights under Sections 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794, 794(a) ("Section 504"), incorporating the remedies, rights and procedures set forth in § 717 of the Civil Rights Act of 1964, including the application of §§ 706(f) through 706(k), 42 U.S.C. § 2000e-5(f)-(k).

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12131, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and

2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12131, et seq.

4.       Plaintiff, JOHN MEGGS, is an individual over eighteen years of age, who splits his time between California, Colorado and Florida, and is otherwise *sui juris*. Plaintiff, JOHN MEGGS, is a member of the Not-for-Profit Corporation, ACCESS 4 ALL INCORPORATED.

5.       At all times material, Defendant, SCHREIVOGEL INVESTMENTS LLC, owned and operated a commercial shopping plaza located at 7301 W Alameda Avenue, Lakewood, Colorado 80226 (hereinafter the "Commercial Property").

6.       At all times material, Defendant, SCHREIVOGEL INVESTMENTS LLC, was and is a Colorado Limited Liability Company, organized under the laws of the state of Colorado, with its principal place of business in Lakewood, Colorado.

7.       At all times material, Defendant, EL TAPATIO ALAMEDA, INC., owned and operated a commercial restaurant located at 7301 W Alameda Avenue, Unit A, Lakewood, Colorado 80226 (hereinafter the "Commercial Property").

8.       At all times material, Defendant, EL TAPATIO ALAMEDA, INC., was and is a Colorado Corporation, organized under the laws of the state of Colorado, with its principal place of business in Lakewood, Colorado.  Defendant, EL TAPATIO ALAMEDA, INC., holds itself out to the public as "El Tapatio Mexican Restaurant."

9.       Venue is properly located in the District of Colorado because Defendants' Commercial Property is located in Lakewood, Colorado, Defendants regularly conduct business within Lakewood, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Lakewood, Colorado.

## FACTUAL ALLEGATIONS

10. Although over thirty (30) years have passed since the effective date of Title II of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

11. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendant's Commercial Property and the restaurant business therein.

12. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

13. Plaintiff, JOHN MEGGS, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, JOHN MEGGS, is, among other things, a paraplegic and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

14. Defendant, SCHREIVOGEL INVESTMENTS LLC, owns, operates and/or oversees the Commercial Property, its general parking lot/or and parking spots specific to the businesses therein, located in Lakewood, Colorado, that is the subject of this Action.

15. Defendant, EL TAPATIO ALAMEDA, INC., owns, operates and/or oversees the restaurant business within the Commercial Property, located in Lakewood, Colorado, that is the subject of this Action.

16. Mr. Meggs is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of

discrimination and repeated exposure to architectural barriers in violation of the ADA

17. He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. Mr. Meggs is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

18. The subject Commercial Property is open to the public and is located in Lakewood, Colorado. The individual Plaintiff visited the Commercial Property, as a patron/customer, to include a visit to the property on or about August 28, 2022 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property. He plans to return to and often visits the Commercial Property and the other businesses located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the business therein, if the property/business become accessible.

19. Mr. Meggs has a reservation to return to Denver area on January 4, 2023 and he also intends to return on or about April 1, 2023, during a subsequent trip to the Denver area. He intends to revisit the Defendants' places of public accommodation, not only as a patron and business invitee, but also to monitor any progress made with to respect to ADA compliance - he sincerely hopes that his return is not made in vain. Mr. Meggs spends much of his time in and near Denver County, Colorado, in the same state as the Commercial Property, has been the Defendant's Commercial Property and named business located within the Commercial Property for the intended purposes, and intends to return to the property at least twice within four (4) months' time of the filing of this Complaint, as stated above.

20. The Plaintiff, JOHN MEGGS, found the Commercial Property to be rife with ADA violations. The Plaintiff, JOHN MEGGS, encountered architectural barriers at the

Commercial Property and wishes to continue his patronage and use of the premises.

21. The Plaintiff, JOHN MEGGS, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein. The barriers to access at Defendant's Commercial Property and business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, JOHN MEGGS, and others similarly situated.

22. Defendants, SCHREIVOGEL INVESTMENTS LLC and EL TAPATIO ALAMEDA, INC., own and/or operate, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants are also a public entity as defined by 28 CFR Part 35. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, SCHREIVOGEL INVESTMENTS LLC and EL TAPATIO ALAMEDA, INC., own and/or operate is the Commercial Property located at 7301 W Alameda Avenue, Lakewood, Colorado 80226 and the restaurant business within.

23. Plaintiff, JOHN MEGGS, has a realistic, credible, existing, and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the named business therein, but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that they will continue to be subjected to discrimination at the Commercial Property and the business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located within the Commercial Property, not only to avail himself of the goods and services available at this Commercial Property and business therein, but to assure himself that the

property and business therein are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property and business therein without fear of discrimination.

24. Defendants have discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

### COUNT I - ADA VIOLATIONS
### AS TO SCHREIVOGEL INVESTMENTS LLC

25. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 24 above as though fully set forth herein.

26. Defendant, SCHREIVOGEL INVESTMENTS LLC, has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

27. Defendant has discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendant's Commercial Property and restaurant business within the Commercial Property, include, but are not limited to, the following:

A. Parking and Exterior Accessible Route

i. Accessible side spaces lack compliant aisles as there are no access aisles and do not have the required width of <60", violating the ADAAG Section 4.6 and ADAS Section

        502 and preventing Plaintiff from unloading.

ii. Accessible spaces, near T-Mobile Store, lack clear and level aisles as they have slopes or cross slope of >2%, violating the ADAAG Section 4.3 and ADAS Section 502 and endangering Plaintiff when unloading.

iii. The side parking spaces are not on the nearest, most direct accessible route, from the parking to the accessible entrances, violating the ADAAG Section 4.6 and ADAS Section 502 and preventing Plaintiff from safely accessing El Tapatio Mexican Restaurant without rest or assistance.

iv. There are no signs posted showing the symbol of accessibility at the required height of <60" AFF, violating ADAAG Section 4.6 and ADAS Section 502.

v. No signs posted showing the symbol of accessibility, near the Ikonik Ink's parking area, at the required height of <60" AFF, violating ADAAG Section 4.6 and ADAS Section 502.

B. <u>Entrance Access and Path of Travel</u>

i. There is no compliant route from transit, sidewalk, and parking areas for Plaintiff to access El Tapatio Mexican Restaurant, which violates the requirements of ADAAG Sections 4.1.2 and 4.3 and 2010 ADAS Sections 402, 403, 405 and 406.

ii. Accessible routes at El Tapatio Mexican Restaurant have 3.1% cross slopes (>2%) violating ADAAG Section 4.3 and 2010 ADAS Sections 402 and 403 and creating hazardous conditions for the Plaintiff.

iii. Accessible routes, to the parking area at El Tapatio Mexican Restaurant, have changes in level of >2" (>3/4"), violating ADAAG Section 4.3 and 2010 ADAS Sections 402 and 403 and creating hazardous conditions for Plaintiff.

iv. Accessible routes at El Tapatio Mexican Restaurant have changes in level of >3/4" creating hazardous conditions for Plaintiff violating ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

v. Curb ramps at El Tapatio Mexican Restaurant, the route to side parking, contain excessive slopes of >16% (>8.33 %) violating ADAAG Sections 4.7 and 4.8 and ADAS Section 406 and preventing Plaintiff from safe unloading.

vi. Curb ramps at El Tapatio Mexican Restaurant, near the Metro Wireless parking area, contain excessive slopes of 11.6% (>8.33 %) violating ADAAG 4.7 and 4.8 and ADAS Section 406 and preventing Plaintiff from safe unloading.

vii. Curb ramp flares are sloped 19.5% (>10%) violating ADAAG Section 4.7 and 2010 ADAS Section 406 and creating a hazard for Plaintiff.

viii. Stairs at El Tapatio Mexican Restaurant lack compliant handrails, have open risers or otherwise, violating ADAAG Section 4.9 and ADAS Section 504.

## COUNT II - ADA VIOLATIONS
## AS TO SCHREIVOGEL INVESTMENTS LLC and EL TAPATIO ALAMEDA, INC.

28. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 24 above as though fully set forth herein.

29. Defendants, SCHREIVOGEL INVESTMENTS LLC and EL TAPATIO ALAMEDA, INC., have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

30. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or

January 26, 1993, if Defendants have ten (10) or fewer employees and gross receipts of $500,000 or less).  A list of the violations that the Plaintiff encountered during his visit to the Defendant's Commercial Property and restaurant business within the Commercial Property, include, but are not limited to, the following:

A. Access to Goods and Services

i. Table-top and writing surface heights are >34" (28" min / 34" max), violating 2010 ADAS Section 902 and preventing use by Plaintiff.

ii. Table knee and toe space is high and deep, violating 2010 ADAS Section 306 and preventing use by Plaintiff.

B. Restrooms

i. Plaintiff cannot access the restroom at El Tapatio Mexican Restaurant because the Restroom door has improper hardware, violating ADAAG Section 4.13.9.

ii. Maneuvering space is inadequate, violating 2010 ADAS Section 404 and impeding Plaintiff from entering or exiting the restroom.

iii. Sink knee clearance is insufficient, violating ADAAG Section 4.24 and 2010 ADAS Section 306 and preventing Plaintiff from accessing sink.

iv. Plaintiff unable to use mirror due to bottom-reflecting surface >40" AFF, violating the ADAAG Section 4.19 and 2010 ADAS Section 603.3.

v. Clear floor space is not available, violating 2010 ADAS Section 305 and preventing Plaintiff from approaching restroom elements.

vi. Stall door is not self-closing and/or lacks proper hardware, violating 2010 ADAS Section 604 and preventing use by Plaintiff.

vii. Grab bars are improperly mounted, violating ADAAG Section 4.26 and 2010 ADAS

        Sections 604 and 609 and creating a hazardous condition for Plaintiff.

viii.    Toilet's flush valve is not mounted on wide side, violating the ADAAG 4.16 and 2010 ADAS Section 604 and denying access to Plaintiff.

## RELIEF SOUGHT AND THE BASIS

31.    The discriminatory violations described in this complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, JOHN MEGGS, from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

32.    The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendant's Commercial Property and the business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with

Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

33. Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Defendants have also discriminated against Plaintiff in violation of 42 U.S.C. § 12131 et seq. and 28 C.F.R. Part 35 et seq for excluding Plaintiff by reason of disability from participation in and denying him benefits of the services, programs, or activities of a public entity. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

34. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

35. While Defendant, SCHREIVOGEL INVESTMENTS LLC, as landlord and owner of the Commercial Property, is primarily responsible for all ADA violations listed in this

Complaint, tenants and landlords can be held is jointly and severally liable for ADA violations.

36. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

37. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by the Plaintiff or waived by the Defendants.

38. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate its businesses, located within the Commercial Property located in Lakewood, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property and restaurant business to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure its violations of the ADA.

WHEREFORE, the Plaintiff, JOHN MEGGS, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and Title II the Americans with Disabilities Act, 42 U.S.C. § 12131; (ii) Injunctive relief against Defendants, including an order to make all readily achievable alterations

to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title II of the Americans with Disabilities Act.

Dated: November 22, 2022

**GARCIA-MENOCAL & PEREZ, P.L.**

*Attorneys for Plaintiff*
1600 Broadway, Suite 1600
Denver, Colorado 80202
Telephone: (720) 996-3500
Facsimile: (720) 381-0515
Primary E-Mail:    ajperez@lawgmp.com
Secondary E-Mail: dperaza@lawgmp.com
bvirues@lawgmp.com.

By:  /s/ Anthony J. Perez
      ANTHONY J. PEREZ
      BEVERLY VIRUES